# IN THE COURT OF APPEALS OF IOWA

No. 20-1132
Filed September 22, 2021

**BENJAMIN VARELA,**
        Plaintiff-Appellant,

**vs.**

**CITY OF MUSCATINE,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Muscatine County, Henry W. Latham II, Judge.

        Benjamin Varela appeals the district court's denial of his petition for a writ of certiorari seeking a pre-termination hearing under Iowa Code section 35C.1(1) (2019). **AFFIRMED.**

        Charles Gribble and Christopher Stewart of Gribble Boles Stewart & Witosky Law, Des Moines, for appellant.

        Matthew S. Brick and Michael W. Heilman of Brick Gentry, P.C., West Des Moines, for appellee.

        Considered by Vaitheswaran, P.J. and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

The "Veterans Preference" statute requires cities to afford "veterans who are citizens and residents of the United States . . . preference in appointment and employment over other applicants of no greater qualifications." Iowa Code § 35C.1(1) (2019). The Act also precludes termination from employment "except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, and with the right . . . to a review by a writ of certiorari." *Id.* § 35C.6.

The City of Muscatine (City) terminated Benjamin Varela, a Muscatine police officer and a veteran, without a pre-termination hearing. The City affirmed his termination following a post-termination hearing at which Varela declined to appear.

Varela filed a petition for writ of certiorari asserting he "should have received a hearing *prior to* his termination to determine whether he was incompetent and/or had committed misconduct in his position." The district court denied the petition. The court reasoned that Varela's "dual status" as a veteran and civil service employee made him subject to two statutory provisions that were "in irreconcilable conflict with one another." The Veterans Preference statute afforded him "heightened protection from termination," whereas the statute governing civil service employees permitted termination "in the judgment of the person having the appointing power." *See id.* §§ 35C.6; 400.18(1). Citing Iowa Supreme Court precedent, the court concluded Varela's "status as a civil service employee under § 400.18(1) [took] precedence over his status as a veteran under § 35C.6" and the City "did not act unlawfully by terminating [Varela] without a pre-termination hearing."

On appeal, Varela reprises his assertion that he was entitled to "a predischarge procedure with notice and opportunity to respond." The law is not on his side.

In *Andreano v. Gunter*, 110 N.W.2d 649, 649–50 (Iowa 1961), the Des Moines city manager fired the assistant police chief. The assistant police chief—who, like Varela, was a veteran—challenged the termination. *Id.* The district court concluded the city manager "acted illegally in discharging the plaintiff peremptorily and without notice or hearing." *Id.* at 650. The supreme court reversed. *Id.* at 657. The court found a conflict between the civil service employee statute and the then-existing veterans preference statute. *Id.* at 651. In the court's words, "The first statute says no one may be removed without notice and hearing; the second, special and later enacted, says anyone under civil service may be summarily discharged." *Id.* The court pointed out that, "Although the [veterans] preference act was enacted in 1904, the legislature on several occasions thereafter passed, amended and enlarged the civil service laws, each time giving peremptory power of removal," leading to an assumption "the legislature when it did this was cognizant of the provisions of the veterans' preference laws." *Id.* at 653. The court relied on the oft-cited principle that "[w]e are dealing here, as in all cases of statutory construction and meaning, with the intent of the legislature as expressed in what it said." *Id.* at 654. Citing the public protection rationale that might have prompted the legislature to endorse summary dismissal of police officers, the court also underscored the post-termination protections available to terminated employees. *Id.* The court concluded, "We think the legislature intended to do just

what it said; that is, to give the power of peremptory removal, with right of appeal, the provisions of the [veterans] preference act notwithstanding." *Id.*

Varela acknowledges *Andreano* but asserts the two statutory provisions no longer conflict. The district court was unpersuaded. The court stated:

> Crucially, the pre-amendment version of § 400.18(1) provided to civil service employees protections that mirrored those currently afforded to veterans under § 35C.6. Iowa Code § 400.18 (2017). Yet courts found those provisions—despite being more or less equal in degree of protection against termination—to be irreconcilable. . . . Amending § 400.18(1) to its current text with considerably reduced protections, then, did nothing to resolve and everything to exacerbate an already irreconcilable conflict in termination protocols.

We discern no error in the court's conclusion.

Varela "alternatively" asserts that if we find he received "due notice and opportunity to respond prior to his termination, [he] was entitled to a full evidentiary hearing prior to his termination as the City did not comply with the requirements of Iowa Code [c]hapter 400." He relies on *Kern v. Saydel Community School District*, 637 N.W.2d 157, 158 (Iowa 2001). But *Kern* did not address the hearing requirements under chapter 400. 637 N.W.2d at 158–61. The focus was on whether the post-termination hearing received by a discharged school custodian and veteran was an effective substitute for the pre-termination hearing required by section 35C.6. *Id.* at 158. The supreme court agreed section 35C.6 was "the source of the right" asserted by the plaintiff. *Id.* at 161. After noting that the provision did not "describe[]" the "type of hearing" the plaintiff was due, the court stated "some flexibility is called for in determining the type of predischarge hearing that must be afforded under section 35C.6" and "the type of hearing required must necessarily vary with the circumstances." *Id.* The court concluded, "Because the

school district was aware of plaintiff's postdischarge rights under the collective bargaining agreement, which included a complete evidentiary hearing before an independent arbitrator, we are satisfied the purpose of section 35C.6 was fully satisfied by the type of notice and opportunity to respond that was afforded to plaintiff." *Id.*

*Kern* does not advance Varela's argument. The opinion supports the City's position that a post-termination hearing may suffice as an effective substitute for a pre-termination hearing.

The supreme court recently confirmed that reading. *See Williams v. Bullock*, 960 N.W.2d 473, 478–80 (Iowa 2021). In *Bullock*, a terminated police officer who was also a veteran advocated for overruling *Kern* on the ground "his pretermination rights under section 35C.6 should not depend on his posttermination arbitration rights." *Id.* at 480. The court concluded "*Kern* was correctly decided." *Id.* The court reasoned, "When considering what process is required leading up to termination, it makes sense to consider posttermination rights to an evidentiary hearing. Put simply, the risk of an erroneous deprivation of employment rights is mitigated by a posttermination evidentiary hearing that can result in reinstatement." *Id.* at 480.

The district court did not have the benefit of *Bullock*. Examining *Kern*, the court concluded "[t]he text of *Kern* is conspicuously bereft of any reference to § 400, betraying the fact that it does not provide the support that Varela requires." We discern no error in the court's conclusion.

In a related vein, Varela asserts he did not receive a statement of charges. The same argument was made and rejected in *Bullock*. 960 N.W.2d at 481

(concluding the plaintiff "knew why he was in trouble" and had an opportunity to explain himself). *Bullock* is controlling.

We affirm the district court's denial of Varela's petition for writ of certiorari.

**AFFIRMED.**